IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK DIVISION

|  |  |  |
|---|---|---|
| PROFESSIONALS DIRECT INSURANCE COMPANY, | ) ) ) ) | |
| *Plaintiff,* | ) ) ) | Civil Action No. 2:13-cv-05989-CCC-MF |
| v. | ) ) | |
| PETER S. JAFFE and ROBERT L. TRIBUS as Co-Executors of the ESTATE OF ROBERT H. JAFFE; ROBERT H. JAFFE AND ASSOCIATES, P.A.; RANDY SUSAN HARDEN; JEFFREY C. BLOOD; and DAVID C. FISH | ) ) ) ) ) ) ) | |
| *Defendants.* | ) ) ) | |

### ORDER OF DEFAULT JUDGMENT AGAINST ALL DEFENDANTS

This cause is before the Court on the Motion for Default Judgment by Plaintiff Professionals Direct Insurance Company ("PDIC") against Defendants Peter S. Jaffe and Robert L. Tribus as Co-Executors of the Estate of Robert H. Jaffe; Robert H. Jaffe and Associates, P.A. (the "Firm"); Randy Susan Harden ("Harden"); Jeffrey C. Blood ("Blood"); and David C. Fish ("Fish," and together with Harden and Blood, the "Underlying Plaintiffs"). Upon this Court's review of the Motion and the record, it is hereby ADJUDGED AND DECREED that:

1.     PDIC's Motion for Default Judgment is granted and judgment is entered in favor of PDIC and against Defendants on all counts of PDIC's complaint.

2.     Lawyers Professional Liability Insurance Policy No. 09NJ10008100202-LPL, issued by PDIC to the Firm for the policy period April 12, 2009 to April 12, 2010 (the "Policy") does not afford indemnity coverage for the breach of contract claim asserted against the Firm and

-1-

-2-

the Estate that has been decided on the merits in the pending lawsuit captioned *Randy Susan Harden, et al. v. Peter S. Jaffe and Robert Lucian Tribus, as Co-Executors of the Estate of Robert H. Jaffe and Robert H. Jaffe and Associates, P.A.*, No. 6773/10 (N.Y. Sup. Ct., Monroe Cnty.) (the "Underlying Action") based on an exclusion in the Policy that bars coverage for "any claim for legal fees, costs or disbursements paid or owed to you." Policy, Section E.1.p (the "Return of Fees or Costs Exclusion"). Because the breach of contract claim seeks recovery of the retainer fees the Underlying Plaintiffs paid to Robert H. Jaffe and/or the Firm, the Return of Fees or Costs Exclusion applies to bar coverage for the breach of contract claim.

3.      The Policy does not afford indemnity coverage for the breach of contract claim in the Underlying Action based on an exclusion in the Policy that bars coverage for "any claim arising out of [the Insured's] dishonest, criminal or fraudulent act, error or omission." Policy, Section E.1.a (the "Dishonesty Exclusion").

4.      The Policy does not afford indemnity coverage for the breach of contract claim in the Underlying Action based on an exclusion in the Policy that bars coverage for "any claim arising out of [the Insured's] conversion, misappropriation, embezzlement, commingling, defalcation or ethically improper use or disposal of funds." Policy, Section E.1.i (the "Misappropriation of Funds Exclusion").

Dated: ___3/24/14___        Entered by: _____
                                                Claire C. Cecchi, USDJ